The Memorandum Decision and Order below is hereby
signed.  Dated: March 6, 2008.



```
                    /s/ S. Martin Teel, Jr.
                    _____
                    S. Martin Teel, Jr.
                    United States Bankruptcy Judge
```

```
         UNITED STATES BANKRUPTCY COURT
          FOR THE DISTRICT OF COLUMBIA
```

In re                              )
                                   )
EVEREEN DALEY,                     )    Case No. 08-00086
                                   )    (Chapter 7)
         Debtor.                   )    **Not for Publication in**
                                   )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DENYING MOTION TO
CONTINUE MEETING OF CREDITORS AND PARTIALLY GRANTING
<u>MOTION TO ENLARGE TIME TO FILE OPPOSITION TO MOTION TO DISMISS</u>

The debtor has filed a request for an extension until April 4, 2008, the file or opposition to the United States Trustee's motion to dismiss this case.  She also has filed a motion to continue the meeting of creditors in light of her seeking additional time to oppose the motion to dismiss.

The hearing on the United States Trustee's motion is set for March 19, 2008.  That motion recites that:

> Pursuant to § 727(a)(8) of the Bankruptcy Code, the debtor is ineligible to receive a Chapter 7 discharge in the instant case as it was commenced within eight years of the filing of the debtor's Chapter 7 case filed in 2002.

Because there are no assets for a chapter 7 trustee to administer, the United States Trustee asserts that it makes sense

to dismiss this case instead of allowing it to remain pending for no purpose.  To rebut that contention, the debtor would have to show either (1) that the United States Trustee is in error in contending that the debtor received a discharge in a case that was commenced in 2002 and that § 727(a)(8) bars a discharge in this case, or (2) that some purpose of the Bankruptcy Code applies (such as assets for a trustee to administer) to warrant keeping this case pending.  These are straightforward issues, and the hearing on the United States Trustee's motion on March 19, 2008, should go forward before the scheduled meeting of creditors on March 27, 2008.

There remains the issue of whether, if the case is dismissed, the case should be dismissed with prejudice for one year.  The debtor may appear at the hearing on March 19, 2008, and explain why she maintains that the case ought not be dismissed with prejudice for one year.  The court notes that a motion for relief from the automatic stay is pending, and, accordingly, the debtor could not obtain any voluntary dismissal without the dismissal being with prejudice for a period of 180 days pursuant to § 109(g)(2) of the Bankruptcy Code.  Accordingly, if the court were to dismiss the case, it would dismiss the case with prejudice for at least 180 days.  However, there may be little reason to dismiss the case with prejudice for one year if the debtor's sole creditor, her landlord,

accomplishes an eviction prior to the expiration of 180 days.

In accordance with the foregoing, it is

ORDERED that the debtor's motion to enlarge the time for her to respond to the United States Trustee's motion to dismiss is denied, except that the debtor may file an opposition to the motion to dismiss prior to the hearing being held.  It is further

ORDERED that the debtor's motion to continue the meeting of creditors is DENIED without prejudice to renewal orally at the hearing on the motion to dismiss should the court deny the motion to dismiss the case.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee; John Burns, Esq.